**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Darren Treanor**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Pioneer VNS, Inc.** and **Greg Lyon and Jane Doe Lyon**, a Married Couple, | |
| Defendants. | |

Plaintiff, Darren Treanor ("Plaintiff"), sues the Defendants, Pioneer VNS, Inc. and Greg Lyon and Jane Doe Lyon, a married couple (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

-1-

728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3.  The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.  The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Pioneer VNS, Inc. was a company duly licensed to transact business in the State of Arizona. At all material times, Defendant Pioneer VNS, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. Defendant Pioneer VNS, Inc. is an California company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10. Under the FLSA, Pioneer VNS, Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Pioneer VNS, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Pioneer VNS, Inc. is subject to liability under the FLSA.

11. Defendant Greg Lyon and Jane Doe Lyon are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Greg Lyon and Jane Doe

Lyon are owners of Pioneer VNS, Inc. and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Greg Lyon and Jane Doe Lyon are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Greg Lyon and Jane Doe Lyon are owners of Pioneer VNS, Inc. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Greg Lyon and Jane Doe Lyon are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

-4-

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon.

18. At all relevant times, Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon.

20. At all relevant times, Plaintiff was an "employee" of Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon as defined by the Arizona A.R.S. § 23-350, et seq.

21. At all relevant times, Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon were and continue to be "employers" as defined by A.R.S. § 23-350.

22. At all relevant times, Plaintiff was an "employee" of Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon were and continue to be "employers" as defined by A.R.S. § 23-362.

24. Defendants Pioneer VNS, Inc., and Greg Lyon and Jane Doe Lyon individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

29. Defendants own and/or operate as Pioneer VNS, Inc., an enterprise doing business in Maricopa County, Arizona.

30. Defendants are a delivery and logistics company that contracts with Lowe's to deliver to Customers' homes or other destinations products purchased they purchase from Lowe's.

31. Plaintiff was hired by Defendants as a driver's helper and later an installer and worked for Defendants between approximately May 2021 and July 2021.

32. Defendants, in their sole discretion, agreed to pay Plaintiff a flat $160 daily rate, regardless of how many hours he worked in a given workweek.

33. At all relevant times, in his work for Defendants, Plaintiff's primary job duties included, but were not limited to, helping drivers deliver and install the aforementioned products.

34. At all relevant times during his employment with Defendants, Plaintiff generally worked approximately 60 to 70 hours per week.

-6-

35. In the final two workweeks of his employment, Plaintiff worked approximately 70 hours for Defendants, and Defendants did not pay him any wage whatsoever for such time worked.

36. Defendants informed Plaintiff that, as a result of apparent damage done to a refrigerator, they would not be paying him any of his final paycheck.

37. To date, Defendants have not paid Plaintiff any wage whatsoever for such time worked during the final workweek of his employment.

38. As a result of not having paid any wage whatsoever to Plaintiff for such hours worked, Defendants failed to pay the applicable minimum wage to Plaintiff.

39. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

40. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMWA, A.R.S. § 23-363.

41. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated the AMA, A.R.S., § 23-351.

42. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

43. Defendants have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

-7-

44. Defendant have and continue to violate the AWA by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

45. Plaintiff is a covered employee within the meaning of the FLSA.

46. Plaintiff is a covered employee within the meaning of the AMWA.

47. Plaintiff is a covered employee within the meaning of the AWA.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation an amount that is treble his unpaid wages, and interest under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

56. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

57. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Darren Treanor, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

    i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final workweek of his employment.

60. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

61. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Darren Treanor, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii. Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES OWED

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully failed or refused to pay Plaintiff wages for the hours that Plaintiff worked for them during the final workweek of his employment.

64. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

65. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Darren Treanor, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B. For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest;

D. For the Court to award Plaintiff reasonable attorneys' fees and costs;

E. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 29th Day of July, 2021.

                BENDAU & BENDAU PLLC

                By: /s/ *Clifford P. Bendau, II*
                Clifford P. Bendau, II
                Christopher J. Bendau
                *Attorney for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**VERIFICATION**

Plaintiff, Darren Treanor, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:

_____
8552F1D26A6F45B...
Darren Treanor

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-13-